Richard M. PICINICH, Plaintiff–
Appellant–Cross–Appellee,

v.

UNITED PARCEL SERVICE, Jim Gro-
ver, and Jeffrey Wilson, Defendants–
Appellees–Cross–Appellants,

Brendan Canavan, Defendant–Appellee,

Vito Lovecchio, Robin Fey and
Dave Matt, Defendants.

Nos. 06–0892–cv(L), 06–1047–cv(XAP).

United States Court of Appeals,
Second Circuit.

June 11, 2007.

**664**

Cara E. Greene (Allegra L. Fischel, Mark R. Homowiecki, on the brief), Outen & Golden LLP, New York, NY, for Appellant.

Adin Goldberg, Pitney & Hardin LLP, New York, NY, for Appellees.

PRESENT: JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES, Circuit Judges, RICHARD W. GOLDBERG, Judge.*

## SUMMARY ORDER

Plaintiff Richard M. Picinich, a former employee of United Parcel Service ("UPS"), appeals from a decision of the District Court limiting his remedies despite a finding that he had been discriminated against by UPS and two UPS employees ("defendants") in violation of the Americans with Disabilities Act ("ADA") and New York Human Rights Law ("NYHRL"). In particular, Picinich appeals the District Court's decisions declining to order his reinstatement and determining that he was not entitled to front pay after February 2002 because he had failed to mitigate damages after that date. Defendants cross-appeal the District

Court's finding of liability under the ADA and NYHRL. We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

"Because this appeal follows a bench trial, we review the District Court's findings of fact for clear error, but we review de novo its conclusions of law and its resolution of mixed questions of fact and law." *MacWade v. Kelly,* 460 F.3d 260, 267 (2d Cir.2006). Our review of the District Court's factual findings requires us to give "due regard" for the "opportunity of the trial court to judge of the credibility of the witnesses" at trial, Fed.R.Civ.P. 52(a), and does not permit us to "second-guess either the trial court's credibility assessments or its choice between permissible competing inferences," *Ceraso v. Motiva Enters., LLC,* 326 F.3d 303, 316 (2d Cir.2003).

Applying these standards to the instant case, we turn first to defendants' challenge to the District Court's liability findings. Having carefully reviewed all of defendants' arguments, we conclude that the District Court's factual findings supporting its conclusion that defendants violated the ADA and NYHRL were not clearly erroneous, and that the District Court applied the proper legal standards in adjudicating Picinich's claims. Accordingly, we affirm the District Court's liability finding.

■ We turn next to Picinich's challenges to the District Court's decision declining to order his reinstatement. We review a refusal to order the equitable remedy of reinstatement for abuse of discretion. *See Kirsch v. Fleet Street, Ltd.,* 148 F.3d 149, 169 (2d Cir.1998). We conclude, upon a review of the record, that the

---

* The Honorable Richard W. Goldberg, Judge, United States Court of International Trade,   sitting by designation.

District Court did not abuse its discretion in declining to order Picinich's reinstatement to his prior position at UPS.

■ Finally, we review the District Court's decision that Picinich was not entitled to front pay after February 2002 because he had failed to mitigate damages after that date. "Generally, an employer seeking to avoid a lost wages award bears the burden of demonstrating that a plaintiff has failed to satisfy the duty to mitigate. This may be done by establishing (1) that suitable work existed, and (2) that the employee did not make reasonable efforts to obtain it." *Broadnax v. City of New Haven,* 415 F.3d 265, 268 (2d Cir. 2005) (internal citations and quotation marks omitted). We have recognized an exception to this general rule under which an employer "is released from the duty to establish the availability of comparable employment if it can prove that the employee made no reasonable efforts to seek such employment." *Id.* (quoting *Greenway v. Buffalo Hilton Hotel,* 143 F.3d 47, 54 (2d Cir.1998)). The rationale for the "no reasonable efforts" exception "is that an employer should not be saddled by a requirement that it show other suitable employment in fact existed . . . when the employee, who is capable of finding replacement work, failed to pursue employment *at all.*" *Id.* (quoting *Greenway,* 143 F.3d at 54) (emphasis added). An employer bears the burden of showing that this exception applies. *Id.* at 268–69.

The District Court concluded that the "no reasonable efforts" exception applied in Picinich's case because there was "no evidence that Picinich made any further attempts to locate employment or improve his qualifications in the job market" after February 2002. However, the record establishes, and the District Court found,

that Picinich was actively employed as a realtor for "several months" *beginning in* February 2002. Accordingly, the District Court's finding that Picinich had made no efforts to mitigate after February 2002 was clearly erroneous.

Moreover, we are unable to determine on the present record whether the District Court applied the correct legal standard in determining that the "no reasonable efforts" exception applied to bar Picinich's claims for front pay. Here, as the District Court found, evidence proffered by Picinich indicates that he took several steps to find comparable employment that he could perform, consistent with his disability, from April 2001 at least until he stopped working as a realtor "several months" after February 2002. Defendants point to no evidence in the record—whether elicited by Picinich or defendants—that Picinich *ceased* to look for alternative employment after he ended his efforts to work in real estate.

We are concerned on this record that the District Court may have improperly applied the "no reasonable efforts" exception to bar Picinich's claims for front pay by: (1) requiring Picinich to establish that he *continued* attempting to mitigate damages after he ceased working as a realtor, even though defendants were required to establish that Picinich *failed* to engage in any reasonable efforts to mitigate, *see Broadnax,* 415 F.3d at 268–69; and (2) concluding that record evidence of Picinich's efforts to find employment in 2001 and 2002, despite his disability, established that the "no reasonable efforts" exception applied in this case.

Accordingly, we vacate the District Court's mitigation findings and remand for reconsideration of the mitigation issue under the correct factual record and legal

standard. The parties shall have the opportunity to submit supplemental briefs to the District Court on this issue before the District Court renders its decision. We express no opinion as to whether the District Court might, on the basis of the evidence presented at trial, find that defendants have met their burden of proof on whether the "no reasonable efforts" exception applies, or—if it does not—whether defendants could succeed in establishing "(1) that suitable work existed, and (2) that [Picinich] did not make reasonable efforts to obtain it." *Id.* at 268.

After an amended judgment is entered by the District Court, either party may restore jurisdiction to this Court by notifying the Clerk of this Court by letter, and the returned appeal will be assigned to this panel. An additional notice of appeal will not be needed. *See United States v. Jacobson,* 15 F.3d 19, 21–23 (2d Cir.1994).

We have considered all of the parties' remaining arguments on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court insofar as it (1) found defendants liable for violation of the ADA and NYHRL, and (2) declined to order Picinich's reinstatement, and we **VACATE** it insofar as it found that Picinich had failed to mitigate damages.