SUMMARY ORDER
This case is before us for a second time, following a remand to the United States Court for the Northern District of New York for reconsideration of plaintiffs mitigation of damages. See generally United States v. Jacobson, 15 F.3d 19, 22 (2d Cir.1994) (acknowledging this Court’s authority to “to retain jurisdiction while remanding to the district court to supplement the record with further findings and conclusions”). We assume the parties’ familiarity with the factual and procedural history of the case, though we revisit key portions of that history here.
Plaintiff brought the underlying action in 2001, claiming that defendants had discriminated against him in violation of the Americans with Disabilities Act (“ADA”) and New York Human Rights Law (“NYHRL”). In a December 23, 2005 Memorandum-Decision and Order, the District Court (1) found defendants liable for violating the ADA and NYHRL, (2) declined to order plaintiffs reinstatement, and (3) found that plaintiff had made no efforts to mitigate after February 2002. See Picinich v. United Parcel Service, No. 5:01-cv-01868 (NPM), 2005 WL 3542571 (N.D.N.Y. Dec. 23, 2005). Judgment was entered on January 17, 2006.
On appeal, we affirmed the District Court’s judgment in a summary order of June 11, 2007, insofar as it found defendants liable for violating the ADA and NYHRL and declined to order plaintiffs reinstatement, but we vacated the judgment insofar as it found that plaintiff had failed to mitigate damages, and remanded the cause to the District Court. See Picinich v. United Parcel Service, 236 Fed.Appx. 663 (2d Cir.2007) (unpublished). In a Memorandum-Decision and Order dated April 11, 2008, the District Court on remand concluded that defendants had not met their burden of demonstrating that plaintiff had failed to mitigate his damages, and accordingly awarded plaintiff both back and front pay. See Picinich v. United Parcel Service, 583 F.Supp.2d 336 (N.D.N.Y.2008). Defendants notified the Clerk of this Court by letter dated May 7, 2008 of then- decision to reinstate their appeal.
“[W]e review the District Court’s findings of fact for clear error, but we review de novo its conclusions of law and its resolution of mixed questions of fact and law.” MacWade v. Kelly, 460 F.3d 260, 267 (2d Cir.2006). After a careful review of the District Court’s thorough Memorandum-Decision and Order dated April 11, 2008, we conclude that the District Court’s determination that defendants had not met their burden of demonstrating that plaintiff had failed to mitigate his damages was not clearly erroneous. Furthermore, we conclude that the District Court properly exercised its discretion in its award of back and front pay to plaintiff. See, e.g., Carrero v. New York City Housing Auth, 890 F.2d 569, 579-80 (2d Cir. *36 1989) (“Remedies available to the victims of discrimination are committed to the sound discretion of the district court, and absent abuse they will not be disturbed.”).

CONCLUSION

We reject all of defendants’ claims on appeal. Accordingly, the judgment of the District Court is AFFIRMED.